TAPPAN *v.* BEAN *et al.*

*(Circuit Court, E. D. Pennsylvania. December 8, 1891.)*

1. PATENTS FOR INVENTIONS—EXTENT OF CLAIM.
   In view of the state of the art, patent No 432,451, to Herman Tappan for perfume holder, must be strictly construed, and is not infringed by a device not containing the specific elements of the claims.

2. SAME—NOVELTY.
   Patent No. 432,451, containing no new element except "a cap held on the neck of the bottle to engage a collar" around this neck, is invalid for want of patentable novelty.

In Equity.

Bill by Herman Tappan to restrain Bean & Vail Bros. from an alleged infringement of letters patent No. 432,451, for improvement in perfume holders. The patented device had the general form of a lantern, comprising a bottle or flask to hold the perfume, a base piece, a collar around the neck of the bottle, a cap adapted to fit upon the neck of the

---

[1] Reported by Mark Wilks Collet, Esq., of the Philadelphia bar.

flask, and screwed down thereon, and pressing a packing ring down on the cork and on the upper part of the flask. The collar and the base were connected by curved rods, provided with hooks, adapted to be sprung into suitable openings in the collar and base, and serving the double purpose of holding the parts together and forming a cage for the glass flask. The alleged infringing device did not contain a packing ring adapted to pass over the cork of the bottle or a cap screwing on the neck, or rods fitting as described on the collar and base. All the elements of the claims were old in similar combinations, except the cap held on the neck of the flask, and adapted to engage the collar. Bill dismissed.

*Allen H. Gangewer,* for complainant.

*George J. Harding* and *George Harding,* for respondent.

PER CURIAM. The bill must be dismissed. If the patent is valid, the history of the art before us shows that its scope must be confined within limits so narrow as to exclude the respondent's device. In our judgment, however, the patent is not valid. The alleged invention described seems to be entirely wanting in patentable novelty.